**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL WEDDLE, | No. 17-15150 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02041-RCJ-NJK |
| v. | MEMORANDUM* |
| ALAN NUTZMAN, Officer, *et al.*, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Argued and Submitted April 13, 2018
San Francisco, California

Before: WARDLAW and HURWITZ, Circuit Judges, and OLIVER,** District
Judge.

Paul Weddle appeals an order granting summary judgment, based on

qualified immunity, in favor of Officer Alan Nutzman and Officer David Olson

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Solomon Oliver, Jr., United States District Judge for
the Northern District of Ohio, sitting by designation.

(the "Defendant Officers"), in this 42 U.S.C. § 1983 action alleging excessive use of force. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgment de novo. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). When "analyzing whether a government official is entitled to qualified immunity, the court looks at two distinct questions." *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) (citation omitted). First, we decide "whether the facts alleged, construed in the light most favorable to the injured party, establish the violation of a constitutional right." *Id.* (citation omitted). Next, "the court decides whether the right is clearly established such that a reasonable government official would have known that his conduct was unlawful in the situation he confronted." *Id.* (citation omitted). Courts have discretion in deciding which of the two prongs of the qualified immunity analysis to address first in light of the circumstances in the particular case. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Weddle, who stole an airplane and was observed conducting several "touch and go" landings, was arrested after taking an extensive amount of time to respond to repeated officer commands to exit the airplane. When he finally exited the plane, Weddle was holding a dark object, later determined to be a radio. Weddle argues that a front arm takedown during his arrest and single leg strike to separate

his legs for a weapons search constituted excessive use of force. We find that, at the time of the incident, even if their use of force was more than the situation required, there did not exist clearly established precedent that would have put the Defendant Officers on notice that their conduct was unlawful in the situation they confronted. Therefore, the district court properly granted summary judgment on Weddle's § 1983 claims based on qualified immunity.

**AFFIRMED.**